IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 3, 2005

**STATE OF TENNESSEE v. CHESTER FLOYD COLE**

**Direct Appeal from the Circuit Court for Madison County**
**No. C04-214    Roy B. Morgan, Jr., Judge**

---

**No. W2004-02463-CCA-R3-PC  - Filed July 15, 2005**

---

The petitioner challenges the dismissal of his petition for post-conviction relief, contending that trial counsel was ineffective in:  (1) failing to call requested witnesses; and (2) failing to adequately communicate with him.  Upon review, we conclude that the evidence presented does not preponderate against the post-conviction court's findings; therefore, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

Mike Mosier, Jackson, Tennessee, for the appellant, Chester Floyd Cole.

Paul G. Summers, Attorney General and Reporter; Blind Akrawi, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Facts and Procedural History

The petitioner, Chester Floyd Cole, was convicted of one count of rape of a child (a Class A felony) and received a sentence of twenty-five years.  This court affirmed the conviction on direct appeal but remanded the matter for the limited purpose of resentencing the petitioner in accordance with the proper sentencing guidelines.  See State v. Chester Floyd Cole, No. W2001-02871-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 1122 (Tenn. Crim. App., at Jackson, Dec. 31, 2002).  On May 19, 2004, the petitioner filed a *pro se* petition for post-conviction relief, alleging various instances of ineffective assistance of counsel.  Thereafter, the court appointed counsel and an amended petition was filed.  On September 20, 2004, the post-conviction court held a hearing on the petition and subsequently dismissed it by written order.  The petitioner now appeals to this court contending:

(1)     that trial counsel was ineffective in failing to interview and call witnesses to testify; and

(2)     that trial counsel was ineffective in failing to adequately confer and communicate with the petitioner regarding his case.

At the post-conviction hearing, the petitioner testified that counsel was appointed to represent him in September 2000, eight months before his trial in May 2001. He stated that counsel did not communicate adequately or meet with him a sufficient number of times, and he further characterized their working relationship as "poor." The petitioner testified that he wrote several letters to counsel requesting meetings to discuss his case, to no avail. He also recalled that he wrote two motions (a motion to dismiss and a motion to strike counts from the indictment) and asked counsel to review them; however, when he did not get a response from counsel, the petitioner filed the motions himself. The petitioner further testified that he requested a psychological evaluation and a pretrial hearing but neither were granted. The petitioner stated that in March 2001, he requested that certain witnesses testify at trial, including his mother, daughter, sister, wife, and sons. He recalled that, although his wife was subpoenaed at trial, counsel elected not to call her to testify.

The petitioner's defense was that he could not have been guilty of rape of a child because he did not live with the victim at the time of the incident. He testified that counsel did not interview his wife to verify his living arrangements around the time of the incident, as he had requested. The petitioner also indicated that he was never interviewed by the public defender's on-staff investigator. Finally, he testified that he felt he was charged and convicted on an offense that was barred by the statute of limitations.

On cross-examination, the petitioner acknowledged that several defense witnesses testified that he was not living with the victim at the time of the incident. He further admitted that, although he testified on his own behalf and was able to present his case at trial, the jury ultimately determined that the State proved its case beyond a reasonable doubt. The petitioner also stated that he did not write the post-conviction petition and that he did not read it before he swore to it. However, he noted that he agreed with the contents of the petition, with the exception of the statement that the victim was an accomplice to the incident that occurred in 2000.

As the final witness at the post-conviction hearing, counsel testified that he had been an attorney since 1982 and that he had practiced criminal law exclusively since 1993. He stated that he is employed as an Assistant Public Defender and that he has handled "thousands" of criminal cases since being licensed to practice law. Counsel indicated that he was appointed to represent the petitioner in the fall of 2000.

Counsel stated that he reviewed the file and met with the petitioner to explain the nature of the charges against him and their penalties. He further stated that, each time they met, the petitioner gave him a list of witnesses he wanted called on his behalf and that he called two of those witnesses to testify at trial. Counsel recalled that the petitioner told him that several of the suggested witnesses would testify that the victim did not have sex with the petitioner but, rather, with boys at school.

However, counsel stated that this potential defense was "knocked . . . out" by DNA evidence which showed that the victim was eight weeks pregnant with the petitioner's child.

Counsel testified that he reviewed the motions drafted by the petitioner and informed the petitioner that they "were not valid motions and that [he] wasn't going to argue them." He acknowledged that the petitioner asked for a psychological evaluation but stated that he felt the request would not be legitimate because the petitioner was competent. Counsel also stated that he had the first charge of the indictment severed because the petitioner "was denying that [charge] outright." He testified that police and Department of Human Services (DHS) reports indicated that the petitioner began inappropriately touching the victim when she was five years old and that, following an incident in April 1995, the petitioner raped the victim "two or three times a week." Counsel acknowledged that the petitioner wanted to introduce the reports to show that he was barred from the victim's residence and admitted that he refused to introduce the reports due to the detrimental effect they would have on the petitioner's case.

Counsel testified that he and the petitioner did not have a good relationship and that the petitioner asked the trial court to replace counsel "several times," to no avail. He also stated that the petitioner's mother and sister testified at trial and that he and the petitioner mutually decided not to call his wife to testify because "she was not going to be a good witness." Counsel recalled that he attempted to call the petitioner's children to testify as character witnesses at the sentencing hearing but was unsuccessful because the children were in state custody. Finally, counsel stated that the issue of the petitioner's residency at the time of the incident was argued and rejected on direct appeal.

On cross-examination, counsel testified that he met with the petitioner between four and eight times. He characterized their meetings as "a constant struggle" and as a "very, very difficult situation." Counsel acknowledged that the petitioner requested a psychological evaluation but further noted that he made a "threshold determination" that the request would not be supported because there was no indication that the petitioner was incompetent. While counsel acknowledged that the major decisions regarding the defense rested with the petitioner, he stated that he made recommendations to the petitioner and that the petitioner "finally went along with [them]."

Analysis

Initially, the State contends that the present petition is not properly before us because the petitioner had a previously filed post-conviction petition pending at the time the instant petition was filed. See Tenn. Code Ann. § 40-30-106(c) (2003). Upon review, it appears that the first post-conviction petition was to be heard on May 17, 2004. However, at that time, the petitioner made known his wish to dismiss that petition and file a second petition for post-conviction relief. Thereafter, the petitioner's appointed counsel submitted an order, and the first petition was formally dismissed on May 20, 2004. The State urges that the present petition should be dismissed because it was filed on May 19, 2004. However, like the post-conviction court, we will not dismiss the appeal on that basis but will, instead, conduct a merits review of the petition.

This court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that the attorney's performance was deficient and that the deficient performance resulted in prejudice to the petitioner so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). The failure to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both if one is insufficient. Goad, 938 S.W.2d at 370. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

The test in Tennessee to determine whether counsel provided effective assistance is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; State v. Honeycutt, 54 S.W.3d 762, 769 (Tenn. 2001). Therefore, in order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688, 104 S. Ct. at 2065).

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002) (citing Strickland, 466 U.S. at 689, 104 S. Ct. at 2065). The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997); Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

The petitioner first contends that counsel was ineffective in failing to call the petitioner's wife to testify at trial. Initially, we note that the post-conviction court accredited the testimony of counsel, in which he stated that he and the petitioner mutually agreed not to call the petitioner's wife to the stand because she did not want to testify and "was not going to be a good witness." We conclude that the evidence on appeal does not preponderate against the post-conviction court's finding that counsel was not deficient in this regard.

We further note that the petitioner failed to present his wife's testimony at the post-conviction hearing even though the hearing was continued twice in order to allow the petitioner to arrange for the witness's presence in court. It is well-settled that a petitioner should present the testimony of any witnesses that he or she contends counsel should have called at trial. See Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). "As a general rule, this is the only way the

-4-

petitioner can establish that . . . the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner." Id. Because the petitioner failed to present his wife's testimony at the post-conviction hearing, we cannot determine whether counsel's omission prejudiced the petitioner in any way. Therefore, having failed to prove either prong of the Strickland analysis by clear and convincing evidence, the petitioner's claim of ineffective assistance of counsel cannot be sustained.

Second and finally, the petitioner contends that counsel failed to adequately communicate and confer with him regarding his case. Specifically, he contends that counsel failed to respond to his letters, request a psychological evaluation, and submit police reports into evidence at trial. Taking the contentions in order, we first note that counsel acknowledged receipt of the letters and testified that he met with the petitioner between four and eight times in the eight months between his appointment to the case and the trial. The record reflects that counsel responded to the petitioner's suggested witness list by calling the petitioner's mother and sister to testify, subpoenaing his wife, and attempting to subpoena his children. Counsel also testified that he reviewed the motions drafted by the petitioner but concluded that they were "not valid."

Counsel testified that he considered the petitioner's request for a psychological evaluation and made a "threshold determination" that the petitioner was competent and that such a request would be unfounded. Moreover, we note that the petitioner failed to present any testimony at the post-conviction hearing to demonstrate that a psychological evaluation was necessary or would have been beneficial to him. Therefore, the petitioner has failed to prove prejudice. Finally, regarding the police reports, counsel testified as to their contents and the detrimental effect they would have had on the petitioner's defense. He further noted that the petitioner's residency had been established by the presentation of defense witnesses, thereby rendering the introduction of the reports unnecessary. Finally, while counsel acknowledged that the final decision with regard to the introduction of evidence lies with the petitioner, he testified that he believed the petitioner "went along with" his recommendations.

Ultimately, the post-conviction court accredited counsel's testimony and found that the petitioner "failed to carry his burden of proof by clear and convincing evidence as to each issue raised in the petition." We agree and conclude that the evidence presented does not preponderate against the findings of the post-conviction court. Therefore, we affirm the denial of post-conviction relief.

_____
JOHN EVERETT WILLIAMS, JUDGE